**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **COMMUNITY REFUGEE AND IMMIGRATION SERVICES,** : | : | Case No. 2:18-Cv-01189 |
| Plaintiff, | : : | Judge Edmund A. Sargus, Jr. |
| vs. | : : | Magistrate Kimberly A. Jolson |
| **DON PETIT, REGISTRAR, OHIO BUREAU OF MOTOR VEHICLES, in his official capacity,** | : : : : | |
| Defendant. | : : | |

**DEFENDANT DON PETIT'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Don Petit, Registrar, Ohio Bureau of Motor Vehicles ("Petit" or "Registrar Petit") moves this Court to dismiss Plaintiffs' claims in their entirety. As explained in the Memorandum in Support, Plaintiffs have failed to state a claim against Registrar Petit upon which relief can be granted.

Respectfully submitted,

MICHAEL DeWINE  (0009181)
Attorney General of Ohio

/s/ Hilary R. Damaser
Hilary R. Damaser (0059190)
Assistant Attorney General
Executive Agencies Section
30 East Broad Street, 26th Floor
Columbus, Ohio  43215-3428
614.466.2980; FAX:  614.728.9470
hilary.damaser@ohioattorneygeneral.gov
*Counsel for Defendant*

## **MEMORANDUM IN SUPPORT**

**I.     Introduction**

Plaintiffs are refugees residing in the State of Ohio who have attempted to obtain Ohio driver's licenses through various deputy registrars.  Although they allege that they possessed the proper documentation, they were nevertheless denied issuance of a valid Ohio driver's license.

In response to these denials, Plaintiffs filed this lawsuit, in which they claim that the denial of their applications for licenses is the result of discriminatory policies enacted by Defendant Don Petit, Registrar of the Ohio Bureau of Motor Vehicles ("BMV").  However, the facts alleged in Plaintiffs' Complaint, if true, would demonstrate that the BMV's policies actually mandate that the deputy registrars approve Plaintiffs' applications for driver's licenses.  Consequently, Plaintiffs have not stated a claim for relief against Registrar Petit.  Moreover, the claims do not state a violation of either the Supremacy Clause or the Equal Protection Clause of the United States Constitution.

**II.    Allegations in the Complaint**

     **A.     Allegations of Gumaa Ibrahim**

According to Plaintiffs' Complaint, Plaintiff Gumaa Ibrahim is a non-citizen residing in Dayton, Ohio who was admitted into the United States as a refugee on October 27, 2015.  (Doc. 1, ¶ 7.)  Upon entering the U.S., Mr. Ibrahim was allegedly issued an Arrival/Departure Record form (Form I-94).  *Id.*  Plaintiffs claim he applied to the U.S. Citizenship and Immigration Services ("USCIS") for lawful permanent resident status (submitting a Form I-485) on or about December 23, 2016 and was issued a receipt notice (Form I-797).  *Id.*  According to Plaintiffs, USCIS has not yet acted on his application.  *Id.*, ¶ 37.  Plaintiffs allege that subsequently, Mr. Ibrahim applied for a driver's license through deputy registrars in Dayton, Clayton, and

Centerville, Ohio. (Doc. 1, ¶¶ 39-43.)  He allegedly brought with him his Form I-94, his expired employment authorization document, a copy of his Form I-485 receipt notice (Form I-797), and proof of his Ohio residence, but claims he was denied issuance of a license at each deputy registrar location to which he applied, because his Form I-94 was more than 2 years old. *Id*.

      **B.**     **Allegations of Badreldin Rahouma**

According to Plaintiffs' Complaint, Plaintiff Badreldin Rahouma is a non-citizen residing in Cleveland, Ohio who was admitted into the United States as a refugee in 2004. (Doc. 1, ¶ 8.) Mr. Rahouma was allegedly issued a Form I-94 upon entering the U.S. and claims to have remained here in valid refugee status. *Id*.  Plaintiffs claim he filed his Form I-485, Application to Register Permanent Residence or Adjust Status on December 8, 2017 and was issued a receipt notice (Form I-797) on January 30, 2018. *Id*.  According to Plaintiffs, USCIS has not yet acted on Mr. Rahouma's application. (Doc. 1, ¶ 47.)  Mr. Rahouma applied for an Ohio driver's license at a deputy registrar's office in Cleveland, Ohio. *Id*.  Plaintiffs allege that he presented his Form I-94, his expired employment authorization, a copy of his Form I-485 receipt notice (Form I-797), and proof of his Ohio residence, but was denied issuance of a driver's license, allegedly because his Form I-94 was more than 2 years old.

As a result of the alleged denial of their applications for Ohio Driver's licenses, Gumaa Ibrahim and Badreldin Rahouma, through Plaintiff Community Refugee and Immigration Services ("CRIS"), filed the present action alleging that they were harmed by the BMV's policies.

3

**III.     Standard of Review**

A complaint that fails to state a claim upon which relief can be granted is subject to dismissal under Fed. R. Civ. P. 12(b)(6).  The focus of a Rule 12(b)(6) motion is whether the plaintiffs are entitled to offer evidence to support their claims, not whether they will ultimately prevail.  *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184 (2005).  The rule allows defendants "to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  *Corbett v. Beneficial Ohio, Inc.*, 847 F. Supp. 2d 1019, 1023-1024 (S.D. Ohio 2012) (quoting *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).  Dismissal is proper when 1) the claim asserted is not supported by law, 2) the facts alleged are not sufficient to state a valid claim, or 3) an insurmountable bar to relief is evident from the face of the complaint.  *Id.* (citing, *inter alia*, *Little v. UNUMProvident Corp.*, 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002)).

A properly stated claim must satisfy the pleading requirements in Fed. R. Civ. P. 8(a).  This pleading standard "does not require detailed factual allegations . . . [but a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action is insufficient."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  A complaint also is insufficient when it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

In order to survive a Rule 12(b)(6) motion, the complaint must include sufficient facts to "state a claim to relief that is plausible on its face."  *Id.* (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In deciding whether the complaint is plausible, the Court must interpret it in a light most favorable to the

4

non-moving party, accept factual allegations as true, and give the plaintiff the benefit of reasonable inferences. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). However, the Court is not required to accept as true legal conclusions bereft of supporting factual allegations. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## IV. Argument

The Registrar of Motor Vehicles has the authority to adopt forms and rules necessary to carry out Ohio's motor vehicle laws. Ohio Rev. Code § 4501.02. The Registrar appoints deputy registrars to carry out the laws and rules adopted pursuant to Chapter 4507 of the Ohio Revised Code. Ohio Rev. Code § 4507.01(B). When an applicant for a driver's license is not a citizen or permanent resident of the United States, deputy registrars must issue nonrenewable licenses. Ohio Admin. Code § 4501:1-1-37(A)(1). "A nonrenewable license or nonrenewable identification card may be issued to a temporary resident of this state when the applicant presents acceptable documents, including those listed in Rule 4501:1-1-21 of the Administrative Code, verifying the following: the applicant's full legal name, date of birth, social security number if ever assigned, proof of Ohio street address and legal presence in the United States, and temporary residence in this state." Ohio Admin. Code § 4501:1-1-37(B). A temporary resident is a person who lives in Ohio but who is not either a native-born or naturalized citizen of the United States or who does not present evidence that he is a permanent resident of the United States. Ohio Admin. Code § 4501:1-1-37(A)(3); 4501:1-1-35(C). Both Gumaa Ibrahim and Badreldin Rahouma claim that they are non-citizen, temporary residents of the United States. (Doc. 1, ¶¶ 7-8.)

5

The Registrar requires the following types of documents to be accepted to establish a non-citizen's legal presence in the United States:

> [A]ppropriate United States citizenship and immigration services (USCIS) documents that are original and valid, or like documents issued by the successor agency to the USCIS showing the dates of legal presence.  The registrar may require that any documentation presented be verifiable through the verification lawful status (VLS) or systematic alien verification entitlement (SAVE) databases maintained by the federal government.

Ohio Admin. Code § 4501:1-1-21(G)(6).  United States Customs and Border Protection issues Form I-94 with a refugee stamp to those who legally enter the United States as refugees.  (Doc. 1, ¶ 19.)  If the date of entry indicated on the refugee's Form I-94 is over 2 years old, BMV requires that the applicant present a Form I-797 receipt notice for case type Form I-485 along with his or her Form I-94 in order to be issued a driver's license.  (BMV Driver Manual Chapter 1, Section P(1)(m)(i), attached hereto as Exhibit A.[1]  Plaintiffs acknowledge that this is BMV policy in their Complaint.[2]  (Doc. 1, ¶ 33.)  This is consistent with federal regulations, which require those legally present in the United States as refugees to apply for an adjustment of status one year after entry.  8 C.F.R. § 209.1(a).  The BMV actually expands this window of time to obtain a driver's license to two years.

---

[1] Because Plaintiffs referred to the Driver's Manual in their Complaint, and it is central to their claim, the Driver's Manual is considered part of the pleadings and can be attached to this Motion without requiring it to be converted to a motion for summary judgment.  See *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir.1997) (citing *Venture Assoc. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993) (Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.).

[2] The BMV has changed the Drivers Manual frequently since the issuance of the version attached to Plaintiffs' Complaint (June 24, 2016), however, the provisions regarding the documentation required from refugees has not changed since then.  Chapter One of the current version of the Drivers Manual (adopted November 13, 2018) is attached hereto as Exhibit B.

**A.     If the allegations in Plaintiffs' Complaint are true, Plaintiffs should have been issued driver's licenses based upon the submitted documentation and, therefore, have stated no claim against Registrar Petit.**

According to Plaintiffs, in January of 2018, Mr. Ibrahim attempted to obtain a driver's license from multiple deputy registrars. (Doc. 1, ¶¶ 39-43.) He allegedly brought with him his Form I-94, his expired employment authorization document, a copy of his Form I-485 receipt notice (Form I-797), and proof of his Ohio residence. (Doc. 1, ¶ 39.) Although the documents Mr. Ibrahim claims to have presented complied with BMV policy, he was allegedly refused a driver's license at each deputy registrar location he visited. (Doc. 1, ¶¶ 39-43.) Mr. Rahouma's claimed experience was similar to Mr. Ibrahim. In February of 2018, he alleges that he attempted to obtain a driver's license at a Cleveland area deputy registrar. (Doc. 1, ¶ 50.) Even though he claims that he showed his Form I-94, his Form I-485 receipt notice (Form I-797), and proof of his Ohio residence, the deputy registrar allegedly denied Mr. Rahouma's application for a driver's license. (Doc. 1, ¶¶ 50-52.) Mr. Rahouma further alleges that the deputy registrar contacted a representative of the BMV and was told that his documentation was not sufficient. (Doc. 1, ¶ 52.)

In both instances, the documents Plaintiffs allege to have taken to the deputy registrars would have satisfied the requirements set forth by Registrar Petit for the issuance of driver's licenses to non-citizens. Therefore, assuming all facts alleged in Plaintiffs' Complaint are true, they have not presented any evidence showing that they have been harmed by the actions of Registrar Petit. Rather, Plaintiffs' evidence, if accurate, should have resulted in the issuance of a valid driver's license pursuant to the BMV's policy and, therefore, they have alleged no harm attributable to Registrar Petit.

Accordingly, Plaintiffs have not stated a claim upon which relief can be granted against Registrar Petit, and have not shown that they are entitled to relief. Their Complaint is therefore subject to dismissal under Fed. R. Civ. P. 12(b)(6).

> **B. Plaintiffs have failed to allege a violation of any constitutional right under the Fourteenth Amendment of the United States Constitution.**
>
> 1. <u>Plaintiffs do not have a fundamental right to a driver's license nor is their alleged classification a suspect class.</u>

Generally, if a state law classification "neither burdens a fundamental right nor targets a suspect class" courts will uphold it "so long as it bears a rational relation to some legitimate end." *Vacco v. Quill*, 521 U.S. 793, 799, 117 S. Ct. 2293, 138 L. Ed. 2d 834 (1997). Plaintiffs have neither alleged that they are members of a suspect class nor alleged that they have been denied a fundamental right. The Sixth Circuit has held that lawful, temporary resident aliens do not qualify as a suspect class and, therefore any law that is alleged to cause discriminatory harm against them is not entitled to heightened scrutiny. The state need show only that the law bears a rational relation to a legitimate governmental interest. *LULAC v. Bredesen*, 500 F.3d 523, 533 (6th Cir. 2007). Here, Plaintiffs have not even alleged that the BMV's policies regarding identification documents discriminate against them based upon their status as temporary resident aliens, but rather claim that, as refugees who possess I-94 Forms that are more than two years old, they are being treated differently than refugees with I-94 Forms that are less than two years old. (Doc. 1, ¶ 90.) Therefore, Plaintiffs have presented no facts to support discrimination based upon membership in a suspect class.

Plaintiffs have also failed to allege that they are being denied any fundamental right. While not explicitly stating it, it appears from Plaintiffs' Complaint that they allege that the BMV's identification policies are affecting their right to obtain a driver's license and thus, their

8

right to travel. (Doc. 1, ¶¶ 65-75.) However, while there is a fundamental right to interstate and intrastate travel, there is no fundamental right to any particular method of travel. *LULAC* (citing *John Doe No. 1 v. Georgia Dep't of Public Safety*, 147 F. Supp. 2d 1369, 1375 (N.D. Ga. 2001)). Consequently, there is no fundamental right to obtain a driver's license or to drive a motor vehicle. See *LULAC*, at 534. Because they have not alleged any deprivation of a fundamental right against Registrar Petit, Plaintiffs' claims must be analyzed under a rational basis standard.

    2.    <u>The State of Ohio has a legitimate interest in verifying the identification and legal status of applicants for a driver's license.</u>

Driver's licenses are issued by states under their exercise of their police powers. *See United States v. Hollon*, S.D.Ohio No. 3:14-cr-165, 2015 U.S. Dist. LEXIS 97857, at *5 (July 20, 2015) (citing *United States v. Snyder*, 852 F.2d 471, 475 (9th Cir. 1988)). None of Plaintiffs' allegations counter the State of Ohio's legitimate state interest in exercising its police power in order to verify the legal status of applicants for driver's licenses and ID cards. State issued driver's licenses or ID cards are the primary form of identification for most individuals and, consequently, the state has a legitimate interest in verifying that the information contained in those IDs is accurate. In fact, the federal REAL ID Act commands a state to require valid documentary evidence of an applicant's legal status before issuing a REAL ID compliant driver's license. Pub. L. No. 109-13 202(c)(2)(B); 119 Stat. 313; (49 U.S.C. § 30301 codified at note); 6 C.F.R. § 37.3 (2016). Further, there is no allegation in Plaintiffs' Complaint that would show that the BMV's policies regarding documentation do not bear a rational relation to that legitimate interest. Accordingly, the BMV's policy regarding the documentation required from a refugee seeking an Ohio driver's license does not violate the Plaintiffs' constitutional right to Equal Protection.

C. **Plaintiffs have failed to allege a violation of the Supremacy Clause of the United States Constitution.**

Plaintiffs argue that the BMV's policies regarding documentation of immigration status create a new immigration category, which category violates the federal government's exclusive authority to regulate immigration under the Supremacy Clause. (Doc. 1, ¶¶ 89-91.) However, the BMV's policy regarding documentation of immigration status does not create a new classification, but merely requires documentation from applicants to prove that they have obtained the immigration status they claim. As such, Plaintiffs' contention that the Supremacy Clause prohibits states from creating immigration classifications is irrelevant. The proper inquiry is whether the Supremacy Clause prohibits the BMV from requiring documentation proving legal presence in the United States in order to issue a driver's licenses.

There is a strong presumption against preemption of a state law by a federal regulation. *Rice v. Santa Fe Elevator Corp*. 331 U.S. 218, 230 (1947). The doctrine of preemption arises under the Supremacy Clause of the United States Constitution, which gives Congress the power to preempt state laws as long as Congress is acting within the scope of its constitutional authority. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 515-16, 112 S. Ct. 2608, 120 L.Ed.2d 407 (1992). When federal preemption is alleged, the analysis must start with "the assumption that the historic police powers of the States <u>were not</u> to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *City of Columbus v. Ours Garage and Wrecker Service, Inc.*, 536 U.S. 424, 438 (2002), quoting *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996) (emphasis added).

Congress may preempt a state law by enacting its own specific laws. *Arizona v. U.S.*, 132 S. Ct. 2492, 2500 (2012), citing *Crosby v. National Foreign Trade Council*, 530 U.S. 363 372 (2000). However, courts must presume the traditional police powers of the states are

superseded only when Congress clearly expresses intent to preempt.  *Rice v. Santa Fe Elevator Corp.*, 331 U.S. at 230.  "Drivers' licenses are issued pursuant to the states' police powers, and the federal government has no constitutional authority to interfere with a state's exercise of its police power except to the extent the state's action intrudes on any of the spheres in which the federal government itself enjoys the power to regulate." *United States v. Snyder*, 852 F.2d 471, 475 (9th Cir.1988) (cited with approval by *United States v. Hollon*, S.D.Ohio No. 3:14-cr-165, 2015 U.S. Dist. LEXIS 97857, at *5 (July 20, 2015)).

Plaintiffs have not alleged any facts that would prove that the federal government intended to preempt the states' police power to regulate the issuance of driver's licenses within their boundaries.  Plaintiffs' complaint does, however, reference the federal REAL ID Act (codified at 49 U.S.C. § 30301) and its requirements regarding acceptable documentation.  (Doc. 1, ¶ 13-17, 22-23.)  The REAL ID Act sets forth minimum standards a state must meet in order for its driver's licenses or ID cards to be accepted by any federal agency.  49 U.S.C. § 30301 note.  As Plaintiffs have stated, there are nine categories of "lawful status" contained in the REAL ID Act.  (Doc. 1, ¶ 17.)  Two categories arguably apply to Plaintiffs.  Initially, assuming the Form I-94s they claim to hold are valid, they would have qualified as "aliens who have an approved application for asylum in the United States or who entered into the United States in refugee status." Pub. L. No. 109-13 202(c)(2)(B)(iv); 119 Stat. 313; (49 U.S.C. § 30301 codified at note); 6 C.F.R. § 37.3 (2016).  After filing a Form I-485 Application to Register Permanent Residence or Adjust Status and being issued the proper Form I-797 receipt notice, Plaintiffs would qualify as having "a pending application for adjustment of status to that of an alien lawfully admitted for permanent residence in the United States or conditional permanent resident status in the United States."  Pub. L. No. 109-13 202(c)(2)(B)(ix); 119 Stat. 313; (49 U.S.C. §

30301 codified at note); 6 C.F.R. § 37.3 (2016).  Plaintiffs' qualification under each of those subsections, if valid, would have been obtained independent of any action of the BMV or Registrar Petit.

Pursuant to the REAL ID Act, a temporary ID card or driver's license issued is "valid only during the period of the applicant's authorized stay in the United States or, if there is no definite end to the period of authorized stay, a period of one year."  Pub. L. No. 109-13 202(c)(2)(C)(ii); 119 Stat. 313; (49 U.S.C. § 30301 codified at note); 6 C.F.R. 37.3 (2016).  By requiring refugee applicants to submit their Form I-797, the BMV is simply verifying that Plaintiffs are still authorized to stay in the United States.  Thus, the BMV is acting within its police power to regulate driver's licenses in order to comply with the requirements of the REAL ID Act.

Accordingly, Plaintiffs have not and cannot allege a violation of the Supremacy Clause of the United States Constitution.

### V.     Conclusion

For the reasons set forth above, Defendant Don Petit respectfully requests that the Court dismiss Plaintiffs' claims against him in their entirety.

                                     Respectfully submitted,

                                     MICHAEL DeWINE  (0009181)
                                     Attorney General of Ohio

                                     /s/ Hilary R. Damaser
                                     Hilary R. Damaser (0059190)
                                     Assistant Attorney General
                                     Executive Agencies Section
                                     30 East Broad Street, 26th Floor
                                     Columbus, Ohio  43215-3428
                                     614.466.2980; FAX:  614.728.9470
                                     hilary.damaser@ohioattorneygeneral.gov
                                     *Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing **Defendant Don Petit's Motion to Dismiss** was filed through the Court's CM/ECF system and was served via electronic mail this 4th day of December, 2018 upon the following:

Emily M. Brown, Esq.
ebrown@ablelaw.org

Kathleen C. Kersh, Esq.
kkersh@ablelaw.org

Mark R. Heller, Esq.
mheller@ablelaw.org

Eugenio Mollo, Jr., Esq.
emollo@ablelaw.org

*Counsel for Plaintiffs*

>/s/ Hilary R. Damaser
>Hilary R. Damaser (0059190)