# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| COMMUNITY REFUGEE AND IMMIGRATION SERVICES, | : : : | Case No. 2:18-CV-01189 |
| Plaintiff, | : : | Judge Edmund A. Sargus, Jr. |
| vs. | : : | Magistrate Kimberly A. Jolson |
| CHARLES NORMAN, REGISTRAR, OHIO BUREAU OF MOTOR VEHICLES, in his official capacity, | : : : : | |
| Defendant. | : : | |

## DEFENDANT CHARLES NORMAN'S ANSWER TO PLAINTIFFS' COMPLAINT
## (DOC. #1)

Defendant, Charles Norman, Registrar, Ohio Bureau of Motor Vehicles ("Defendant"), responds to the allegations in the Complaint filed by Plaintiffs Community Refugee and Immigration Services ("CRIS"), Gumaa Ismail Yahya Ibrahim ("Ibrahim"), and Baldreldin Rahouma's ("Rahouma") as follows:

### FIRST DEFENSE

1. In response to the allegations contained in Paragraph 1 of Plaintiffs' Complaint, Defendant denies that the BMV has enacted discriminatory policies that deny or delay the issuance of driver's licenses to refugees and that the BMV's actions are preempted by the Supremacy Clause of the United States Constitution. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein and therefore denies them.

1

2. In response to the allegations contained in Paragraph 2 of Plaintiffs' Complaint, Defendant states that the cited statutes speak for themselves and Defendant denies all allegations inconsistent with those statutes.

3. In response to the allegations contained in Paragraph 3 of Plaintiffs' Complaint, Defendant states that the cited statutes speak for themselves and Defendant denies all allegations inconsistent with those statutes.

4. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that many of the putative class members reside in this district and division and therefore denies it. Defendant admits the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. In response to the allegations contained in Paragraph 5 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

6. In response to the allegations contained in Paragraph 6 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

7. In response to the allegations contained in Paragraph 7 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

8. In response to the allegations contained in Paragraph 8 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

9. In response to the allegations contained in Paragraph 8 of Plaintiffs' Complaint, Defendant admits that Charles Norman is the Registrar of the Bureau of Motor Vehicles, and his duties and responsibilities include those set forth in Ohio Rev. Code Chapter 4507. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein and therefore denies them.

10. In response to the allegations contained in Paragraph 10 of Plaintiffs' Complaint, Defendant states that The United States Constitution speaks for itself and Defendant denies all allegations inconsistent with that document.

11. In response to the allegations contained in Paragraph 11 of Plaintiffs' Complaint, Defendant states that 8 U.S.C. §§ 1101(b)(4), 1229a, 1551 *et seq.* (2016), 8 C.F.R. §§ 2.1 and 1003.1 *et seq.* (2016) speak for themselves and Defendant denies all allegations inconsistent with those statutes and codes.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13. In response to the allegations contained in Paragraph 13 of Plaintiffs' Complaint, Defendant states that the REAL ID Act speaks for itself and Defendant denies all allegations inconsistent with that Act.

14. In response to the allegations contained in Paragraph 14 of Plaintiffs' Complaint, Defendant states that the REAL ID Act speaks for itself and Defendant denies all allegations inconsistent with that Act.

15. In response to the allegations contained in Paragraph 15 of Plaintiffs' Complaint, Defendant admits that Ohio has agreed to comply with the REAL ID Act, thereby ensuring that its residents may use their Ohio driver's licenses to enter federal facilities and board commercial domestic flights. Defendant is without sufficient knowledge or

information to form a belief as to the truth of the remaining allegations contained therein and therefore denies them.  Further, Defendant admits that, beginning in July of 2018, Ohio began to issue driver's licenses and state identification cards that are compliant with the REAL ID Act, but denies the remaining allegations contained in footnote 2.

16. In response to the allegations contained in Paragraph 16 of Plaintiffs' Complaint, Defendant states that the REAL ID Act speaks for itself and Defendant denies all allegations inconsistent with that Act.

17. In response to the allegations contained in Paragraph 17 of Plaintiffs' Complaint, Defendant states that the REAL ID Act speaks for itself and Defendant denies all allegations inconsistent with that Act.

18. In response to the allegations contained in Paragraph 18 of Plaintiffs' Complaint, Defendant states that 8 U.S.C. § 1101(a)(42), INA § 101(a)(42), and 8 C.F.R. § 207.4 speak for themselves and Defendant denies all allegations inconsistent with those statutes and regulations.

19. In response to the allegations contained in Paragraph 19 of Plaintiffs' Complaint, Defendant states that INA § 207 and 8 C.F.R. § 1.4(d) speak for themselves and Defendant denies all allegations inconsistent with that statute and rule.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein and therefore denies them.

20. In response to the allegations contained in Paragraph 20 of Plaintiffs' Complaint, Defendant states that INA § 209(a)(1), 8 U.S.C.§§ 1158(a)(1) and (a)(2)(b) speak for themselves and Defendant denies all allegations inconsistent with those statutes.  Further, Defendant denies the allegations contained in footnote 6.

21. In response to the allegations contained in Paragraph 21 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

22. In response to the allegations contained in Paragraph 22 of Plaintiffs' Complaint, Defendant states that the REAL ID Act speaks for itself and Defendant denies all allegations inconsistent with that Act.

23. In response to the allegations contained in Paragraph 23 of Plaintiffs' Complaint, Defendant states that the REAL ID Act speaks for itself and Defendant denies all allegations inconsistent with that Act.

24. In response to the allegations contained in Paragraph 24 of Plaintiffs' Complaint, Defendant states that Ohio Rev. Code Chapter 4507 speaks for itself and Defendant denies all allegations inconsistent with that Chapter.

25. In response to the allegations contained in Paragraph 25 of Plaintiffs' Complaint, Defendant states that Ohio Rev. Code § 4507.09(A) speaks for itself and Defendant denies all allegations inconsistent with that statute.

26. In response to the allegations contained in Paragraph 26 of Plaintiffs' Complaint, Defendant states that OAC rule 4501:1-1-37(A)(1) speaks for itself and Defendant denies all allegations inconsistent with that provision.

27. In response to the allegations contained in Paragraph 27 of Plaintiffs' Complaint, Defendant states that OAC rules 4501:1-1-37(A)(4) and 4501:1-1-21(G)(6) speak for themselves and Defendant denies all allegations inconsistent with those provisions.

28. Defendant admits the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29. In response to the allegations contained in Paragraph 29 of Plaintiffs' Complaint, Defendant states that Ohio Rev. Code § 4507.01(B) speaks for itself and Defendant denies all allegations inconsistent with that provision. Defendant admits that the BMV has signed contracts with multiple Deputy Registrars, which provided various services to the public.

30. In response to the allegations contained in Paragraph 30 of Plaintiffs' Complaint, Defendant states that its website speaks for itself and Defendant denies all allegations inconsistent with that provision. Defendant admits that fees charged by the Deputy Registrars are set by the Ohio Revised Code. Defendant denies the remaining allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31. Defendant admits the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32. In response to the allegations contained in Paragraph 32 of Plaintiffs' Complaint, Defendant denies that the BMV provides monetary compensation to Deputy Registrars in exchange for the services they are contracted to provide. Defendant admits the remaining allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33. In response to the allegations contained in Paragraph 33 of Plaintiffs' Complaint, Defendant states that the BMV DR Manual and the BMV USCIS Manual speak for themselves and Defendant denies all allegations inconsistent with those documents.

34. In response to the allegations contained in Paragraph 34 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

35. In response to the allegations contained in Paragraph 35 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

36. In response to the allegations contained in Paragraph 36 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

37. In response to the allegations contained in Paragraph 37 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

38. Defendant admits the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39. In response to the allegations contained in Paragraph 39 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

40. In response to the allegations contained in Paragraph 40 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

41. In response to the allegations contained in Paragraph 41 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

42. In response to the allegations contained in Paragraph 42 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

43. In response to the allegations contained in Paragraph 43 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

44. In response to the allegations contained in Paragraph 44 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

45. In response to the allegations contained in Paragraph 45 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

46. In response to the allegations contained in Paragraph 46 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

47. In response to the allegations contained in Paragraph 47 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

48. In response to the allegations contained in Paragraph 48 of Plaintiffs' Complaint, Defendant admits that Rahouma obtained a temporary instruction permit identification card (TIPIC), which was valid from April 3, 2019 to April 3, 2010.  Defendant denies the remaining allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49. In response to the allegations contained in Paragraph 49 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

50. In response to the allegations contained in Paragraph 50 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

51. In response to the allegations contained in Paragraph 51 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

52. In response to the allegations contained in Paragraph 52 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

53. In response to the allegations contained in Paragraph 53 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

54. In response to the allegations contained in Paragraph 54 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

55. In response to the allegations contained in Paragraph 55 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

56. In response to the allegations contained in Paragraph 56 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

57. In response to the allegations contained in Paragraph 57 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

58. In response to the allegations contained in Paragraph 58 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

59. In response to the allegations contained in Paragraph 59 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

60. In response to the allegations contained in Paragraph 60 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

61. In response to the allegations contained in Paragraph 61 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

62. In response to the allegations contained in Paragraph 62 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

63. In response to the allegations contained in Paragraph 63 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

64. In response to the allegations contained in Paragraph 64 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

65. In response to the allegations contained in Paragraph 65 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

66. In response to the allegations contained in Paragraph 66 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

67. In response to the allegations contained in Paragraph 67 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

68. In response to the allegations contained in Paragraph 68 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

69. In response to the allegations contained in Paragraph 69 of Plaintiffs' Complaint, Defendant states that the Brookings Institution Report speaks for itself.

70. In response to the allegations contained in Paragraph 70 of Plaintiffs' Complaint, Defendant states that the Brookings Institution report referenced by Plaintiffs speaks for itself.

71. In response to the allegations contained in Paragraph 71 of Plaintiffs' Complaint, Defendant states that the Federal Reserve Bank of Cleveland report referenced by Plaintiffs speaks for itself.

72. In response to the allegations contained in Paragraph 72 of Plaintiffs' Complaint, Defendant states that the Policy Matters Ohio report referenced by Plaintiffs speaks for itself.

73. In response to the allegations contained in Paragraph 73 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

74. In response to the allegations contained in Paragraph 74 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

75. In response to the allegations contained in Paragraph 75 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

76. Defendant denies the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77. Defendant states that Paragraph 77 contains legal arguments to which no response is required.

78. Defendant states that Paragraph 78 contains legal arguments to which no response is required.

79. In response to the allegations contained in Paragraph 79 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

80. In response to the allegations contained in Paragraph 80 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

81. In response to the allegations contained in Paragraph 81 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

82. In response to the allegations contained in Paragraph 82 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

83. Defendant denies the allegations contained in Paragraph 83 of Plaintiffs' Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of Plaintiffs' Complaint.

85. Defendant denies the allegations contained in Paragraph 85 of Plaintiffs' Complaint.

86. Defendant denies the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87. In response to the allegations contained in Paragraph 87 of Plaintiffs' Complaint, Defendant incorporates herein by reference his responses to Paragraphs 1-86 of Plaintiffs' Complaint.

88. In response to the allegations contained in Paragraph 88 of Plaintiffs' Complaint, Defendant states that the United States Constitution speaks for itself and Defendant denies all allegations inconsistent with that document.

89. In response to the allegations contained in Paragraph 89 of Plaintiffs' Complaint, Defendant states that the Supremacy Clause of the United States Constitution speaks for itself and Defendant denies all allegations inconsistent with that document..

90. Defendant denies the allegations contained in Paragraph 90 of Plaintiffs' Complaint.

91. Defendant denies the allegations contained in Paragraph 91 of Plaintiffs' Complaint.

92. Defendant states that Paragraph 92 contains legal arguments to which no response is required.

93. In response to the allegations contained in Paragraph 93 of Plaintiffs' Complaint, Defendant incorporates herein by reference his responses to Paragraphs 1-92 of Plaintiffs' Complaint.

94. In response to the allegations contained in Paragraph 94 of Plaintiffs' Complaint, Defendant states that the United States Constitution and the Fourteenth Amendment thereto speak for selves and Defendant denies all allegations inconsistent with that document.

95. Defendant admits the allegations contained in Paragraph 95 of Plaintiffs' Complaint.

96. Defendant admits the allegations contained in Paragraph 96 of Plaintiffs' Complaint.

97. Defendant denies the allegations contained in Paragraph 97 of Plaintiffs' Complaint.

98. Defendant denies the allegations contained in Paragraph 98 of Plaintiffs' Complaint.

99. Defendant denies the allegations contained in Paragraph 99 of Plaintiffs' Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of Plaintiffs' Complaint.

101. Defendant denies the allegations contained in Paragraph 101 of Plaintiffs' Complaint.

102. Defendant denies the allegations contained in Paragraph 102 of Plaintiffs' Complaint.

103. With respect to the WHEREFORE clauses and subclauses of the Complaint, Defendant states that these are legal arguments, to which no responses is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief sought or any relief whatsoever.

104. Defendant denies each and every allegation of the Complaint not expressly admitted herein to be true.

### FIRST AFFIRMATIVE DEFENSE

105. If Plaintiffs have suffered any harm, injury or damage, any harm was caused in whole or in part by Plaintiffs' own actions.

### SECOND AFFIRMATIVE DEFENSE

106. Defendants raise the defenses of Fed. Civ. R. 12(b).

### THIRD AFFIRMATIVE DEFENSE

107. No actual controversy exists between the parties.

### FOURTH AFFIRMATIVE DEFENSE

108. Plaintiffs have failed to state a claim upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

109. Defendants reserve the right to assert such additional affirmative defenses as may become appropriate.

### JURY DEMAND

Defendant demands a trial by jury.

Wherefore, Defendant, Charles Norman, Registrar, Ohio Bureau of Motor Vehicles, asks the Court to dismiss this Complaint, all claims, all requests for relief, with prejudice, and tax all costs to Plaintiffs.

[Signature on following page]

Respectfully submitted,

DAVE YOST
Attorney General of Ohio

/s/ Brian R. Honen
Hilary R. Damaser (0059190)
Brian Honen (0084880)
Cory Goe (0090500)
Jahan Karamali (0093800)
Assistant Attorneys General
Executive Agencies Section
30 East Broad Street, 26th Floor
Columbus, Ohio 43215-3428
614.466.2980; FAX: 614.728.9470
hilary.damaser@ohioattorneygeneral.gov
brian.honen@ohioattorneygeneral.gov
cory.goe@ohioattorneygenera.gov
jahan.karamali@ohioattorneygeneral.gov
*Counsels for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing **Defendants' Answer to Plaintiffs' Complaint (Doc. # 1)** was filed through the Court's CM/ECF system and was served via electronic mail this 24th day of June, 2019 upon the following:

Emily M. Brown, Esq.
ebrown@ablelaw.org

Kathleen C. Kersh, Esq.
kkersh@ablelaw.org

Mark R. Heller, Esq.
mheller@ablelaw.org

Eugenio Mollo, Jr., Esq.
emollo@ablelaw.org

Ana P. Crawford, Esq.
acrawford@porterwright.com

Caroline H. Gentry, Esq.
cgentry@porterwright.com

*Counsel for Plaintiffs*

/s/ Brian R. Honen
Brian R. Honen (0084880)